THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN INFORMAL OPINION ASKING, IN EFFECT, WHETHER A STATE AGENCY HAS GENERAL AUTHORITY TO CHARTER AIRCRAFT FOR TRAVEL PURPOSES, ABSENT A SPECIFIC STATUTE AUTHORIZING THAT AGENCY TO CHARTER AN AIRCRAFT. WE HAVE ALSO RECEIVED CORRESPONDENCE ON THIS ISSUE FROM HOWARD J. PALLOTTA, ASSISTANT GENERAL COUNSEL TO THE DEPARTMENT OF HUMAN SERVICES, AND WE HAVE ALSO RESPONDED TO HIS CONCERNS IN THIS LETTER.
I AM ASSUMING THAT YOU ARE NOT QUESTIONING THE AUTHORITY OF STATE AGENCIES OR EMPLOYEES TO TRAVEL ON PRIVATELY OWNED OR CHARTERED AIRCRAFT ON OFFICIAL STATE BUSINESS PURSUANT TO THE PROVISIONS OF THE STATE TRAVEL REIMBURSEMENT ACT 74 O.S. 500.1 (1981) ET SEQ. 74 O.S. 500.6(A) OF THAT STATUTE, DISCUSSED IN MORE DETAIL BELOW, PROVIDES THAT REIMBURSABLE EXPENSES FOR SUCH TRAVEL ARE LIMITED TO THE PERMISSIBLE LEVEL FOR AUTOMOBILE MILEAGE, PLUS PER DIEM AND LODGING "HAD A PRIVATE AUTOMOBILE BEEN USED FOR THE TRIP." (EMPHASIS ADDED). THE STATUTE CLEARLY CONTEMPLATES THAT STATE EMPLOYEES MAY CHARTER A PRIVATE AIRCRAFT ON A PER TRIP BASIS WHERE APPROPRIATE FOR STATE BUSINESS. FURTHER, I ASSUME THAT YOU DO NOT QUESTION THE AUTHORITY OF OFFICERS OF A STATE AGENCY TO USE AN AIRCRAFT OWNED BY ANOTHER STATE AGENCY FOR TRAVEL PURPOSES. SUCH TRAVEL IS CLEARLY CONTEMPLATED BY 74 O.S. 500.6(B) AND 74 O.S. 500.6(C) OF THE TRAVEL REIMBURSEMENT ACT, WHICH PROVIDE THAT REIMBURSABLE EXPENSES TO THE AGENCY OWNING THE AIRCRAFT INCLUDE, BUT ARE NOT LIMITED TO COSTS OF AIRPLANE OPERATIONS, MILEAGE OF THE TRIP, AND THE SALARY OF THE PILOT. SEE ALSO 74 O.S. 85.12(B) (1989) (OFFICE OF PUBLIC AFFAIRS SHALL IMPLEMENT GUIDELINES FOR USE OF AIRCRAFT OWNED AND OPERATED BY ANOTHER STATE AGENCY).
FINALLY, I ASSUME THAT YOU DO NOT QUESTION THE AUTHORITY OF STATE AGENCIES TO CHARTER PRIVATE AIRCRAFT FOR NON-TRAVEL PURPOSES. THE CHARTER OF PRIVATE AIRCRAFT BY THE DEPARTMENT OF CORRECTIONS FOR THE TRANSPORTATION OF INMATES, OR BY THE OKLAHOMA HEALTH SCIENCES CENTER FOR THE TRANSPORTATION OF ORGANS FOR TRANSPLANT, ARE EXAMPLES OF CHARTERS THAT APPARENTLY FALL OUTSIDE THE SCOPE OF THE TRAVEL REIMBURSEMENT ACT BECAUSE THEY DO NOT INVOLVE TRAVEL BY STATE EMPLOYEES ON OFFICIAL STATE BUSINESS. SUCH NON-TRAVEL CHARTERS ARE APPARENTLY LAWFUL PROVIDED THE AGENCY CHARTERS OR CONTRACTS FOR THE USE OF AIRCRAFT PURSUANT TO THE PROVISIONS OF THE CENTRAL PURCHASING ACT. 74 O.S. 85.12(B)
IN VIEW OF THE FOREGOING, THIS INFORMAL OPINION ADDRESSES ONLY THE NARROW ISSUE OF WHETHER STATE AGENCIES REQUIRE SPECIFIC STATUTORY AUTHORITY TO CHARTER PRIVATE AIRCRAFT FOR TRAVEL ON OFFICIAL STATE BUSINESS ON TERMS OTHER THAN A PER TRIP BASIS AS CONTEMPLATED BY 74 O.S. 500.6. I UNDERSTAND THAT THE TYPE OF CHARTERS WHICH CONCERN YOU ARE FOR SPECIFIC PERIODS OF TIME (ONE MONTH, SIX MONTHS, ONE YEAR, ETC). FOR PURPOSES OF CLARITY, I WILL REFER TO CHARTERS FOR SUCH SPECIFIED PERIODS OF TIME AS "TERM CHARTERS."
YOUR QUESTION REQUIRES A CONSIDERATION OF THE RELEVANT STATUTES IN LIGHT OF CERTAIN ESTABLISHED PRINCIPLES OF STATUTORY CONSTRUCTION. THE FIRST STATUTE THAT SHOULD BE CONSIDERED IS THE STATE TRAVEL REIMBURSEMENT ACT, 74 O.S. 500.1, ET SEQ., WHICH SETS FORTH A COMPREHENSIVE FRAMEWORK GOVERNING REIMBURSEMENT FOR EXPENSES FOR LODGING, PER DIEM EXPENSES, AND TRAVEL BY AUTOMOBILE AND PRIVATE AND COMMERCIAL AIRCRAFT. THAT STATUTE CONTAINS A SPECIFIC, DETAILED PROVISION GOVERNING THE REIMBURSEMENT FOR TRAVEL EXPENSES FOR STATE EMPLOYEES ON PRIVATELY-OWNED OR CHARTERED AIRCRAFT. 74 O.S. 500.6. TRAVEL BY PRIVATELY OWNED OR CHARTERED AIRPLANE
"A. TRAVEL BY ANY STATE OFFICER OR EMPLOYEE ON OFFICIAL STATE BUSINESS ON ANY PRIVATELY OWNED OR CHARTERED AIRPLANE MAY BE REIMBURSED IN AN AMOUNT WHICH WHEN ADDED TO PER DIEM AND REIMBURSEMENT FOR LODGINQ FOR THAT TRIP. DOES NOT EXCEED THE EQUIVALENT OF AUTOMOBILE MILEAGE PLUS PER DIEM AND REIMBURSEMENT FOR LODGING HAD A PRIVATELY OWNED AUTOMOBILE BEEN USED FOR THE TRIP. THE PROVISIONS OF SECTION 500.4 OF THIS TITLE SHALL APPLY TO CALCULATION OF AUTOMOBILE MILEAGE EQUIVALENT IN THIS SECTION.
* * *"
(EMPHASIS ADDED).
THE LEGISLATURE SPECIFICALLY PROVIDED THAT THE STATE TRAVEL REIMBURSEMENT ACT WOULD BE MANDATORY, EXCEPT TO THE EXTENT THAT THE ACT ITSELF RECOGNIZED CERTAIN LIMITED EXCEPTIONS. THUS, TITLE 74 O.S. 500.18 PROVIDES AS FOLLOWS:
 "A. EXCEPT FOR MEMBERS OF THE LEGISLATURE, THE GOVERNOR AND THE LIEUTENANT GOVERNOR, PROVISIONS OF SECTIONS 500.1 THROUGH 500.18 OF THIS TITLE SHALL BE MANDATORY AS TO ALL OFFICIALS AND EMPLOYEES OF ALL DEPARTMENTS BOARDS COMMISSIONS AND INSTITUTIONS OF THE STATE. REGARDLESS OF THE PROVISIONS OF ANY OTHER ACT OF THE LEGISLATURE. EXCEPT AS PROVIDED BY THIS SECTION. THE ENACTMENT OF ANY MEASURE IN THE FUTURE PROVIDING FOR TRAVEL REIMBURSEMENT OF STATE OFFICERS AND EMPLOYEES ON THE BASIS OF "ACTUAL AND NECESSARY" EXPENSES OR IN ANY OTHER MANNER INCONSISTENT WITH SECTIONS 500.1 THROUGH 500.18 OF THIS TITLE SHALL BE DEEMED TO PROVIDE FOR REIMBURSEMENT IN ACCORDANCE WITH SECTIONS 500.1 THROUGH 500.18 OF THIS TITLE UNLESS A CONTRARY INTENT IS EXPLICITLY EXPRESSED IN THIS SECTION." 74 O.S. 500.18(B) CONTAINS CERTAIN SPECIFIED EXCEPTIONS TO THE EXPENSE LIMITATIONS FOUND ELSEWHERE IN THE ACT. SIGNIFICANTLY, ONLY ONE OF THESE EXCEPTIONS PERMITS A STATE AGENCY, THE DEPARTMENT OF COMMERCE, TO CHARTER AN AIRCRAFT FOR TRAVEL WITHOUT BEING BOUND BY THE EXPENSE LIMITATIONS THAT NORMALLY APPLY. SECTION 500.18.B.6(B) STATES:
 THE DEPARTMENT (OF COMMERCE), AT THE DISCRETION OF THE DIRECTOR, MAY CHARTER AIRCRAFT FOR THE PURPOSES OF CARRYING OUT ITS DUTIES AND RESPONSIBILITIES RELATED TO BUSINESS RECRUITMENT AND TO IMPLEMENT THE DUTIES OF THE DIRECTOR. THE COST OF SUCH CHARTER SHALL BE EXEMPT FROM THE PROVISIONS OF SECTION 500.6 OF THIS TITLE. CLAIMS FILED WITH THE OFFICE OF STATE FINANCE SHALL BEAR THE FOLLOWING CERTIFICATION:"
 THE BEST INTERESTS OF THE CITIZENS OF OKLAHOMA WERE BETTER SERVED IN THAT CONVENTIONAL GROUND TRANSPORTATION WAS NOT PRACTICAL OR FEASIBLE FOR THIS TRIP, AIRCRAFT FROM THE DEPARTMENT OF PUBLIC SAFETY WAS NOT AVAILABLE FOR THIS TRIP, AND NO OTHER-CLAIM HAS BEEN OR WILL BE FILED AS A PAYMENT FOR THE COST OF TRANSPORTATION IN CONNECTION WITH THIS TRIP HEREIN CLAIMED.
I HAVE ALSO CONSIDERED THE RELEVANCE OF THE OKLAHOMA CENTRAL PURCHASING ACT, 74 O.S. 85.2 ET SEQ., WHICH, IN 85.12B, STATES:
"LEASING. CHARTERING OR CONTRACTING FOR AIRCRAFT.
ALL AGENCIES OR DEPARTMENTS OF THIS STATE SHALL LEASE, CHARTER OR CONTRACT FOR THE USE OF ANY AIRCRAFT PURSUANT TO THE PROVISIONS OF THE OKLAHOMA CENTRAL PURCHASING ACT, EXCEPT AIRCRAFT OWNED AND OPERATED BY ANOTHER AGENCY OR DEPARTMENT OF THIS STATE. THE OFFICE OF PUBLIC AFFAIRS SHALL DEVELOP AND IMPLEMENT GUIDELINES FOR THE USE OF SUCH AIRCRAFT."
THE ISSUE ARISES AS TO WHETHER THE LEGISLATURE, THROUGH THE ENACTMENT OF THE STATE TRAVEL REIMBURSEMENT ACT, INTENDED TO DENY STATE AGENCIES THE POWER TO ENTER INTO TERM CHARTERS OF PRIVATE AIRCRAFT FOR TRAVEL PURPOSES, IN THE ABSENCE OF EXPLICIT STATUTORY LANGUAGE AUTHORIZING A STATE AGENCY TO ENTER INTO SUCH ARRANGEMENTS; OR, ALTERNATIVELY, WHETHER THE LEGISLATURE, NOTWITHSTANDING THE STATE TRAVEL REIMBURSEMENT ACT, INTENDED THROUGH THE CENTRAL PURCHASING ACT, 74 O.S. 85.12(B) TO AUTHORIZE ALL STATE AGENCIES TO ENTER INTO TERM CHARTERS FOR TRAVEL ON OFFICIAL STATE BUSINESS, PROVIDING THEY COMPLY WITH THE PROVISIONS OF THE CENTRAL PURCHASING ACT.
A FUNDAMENTAL PRINCIPLE OF STATUTORY CONSTRUCTION IS TO GIVE EFFECT TO THE INTENTION OR PURPOSE OF THE LEGISLATURE AS EXPRESSED IN THE STATUTES UNDER SCRUTINY. ALDENS INC. V. RYAN, 454 F. SUPP. 465 (W.D. OKLA. 1976). A CONSTRUCTION WHICH WOULD DEFEAT THE LEGISLATURE'S INTENT, OR WHICH WOULD RENDER LEGISLATION ABSURD, MUST BE AVOIDED. UDALL V. UDALL, 613 P.2D 742 (OKLA. 1980). FURTHER, THE RULES OF CONSTRUCTION REQUIRE THAT STATUTES BE CONSTRUED TO AVOID CONFLICTS BETWEEN PROVISIONS. DIFFERENT LEGISLATIVE ENACTMENTS DEALING WITH THE SAME SUBJECT MUST BE CONSTRUED TOGETHER AS A HARMONIOUS WHOLE TO GIVE PROPER EFFECT TO EACH. SEE E.A., CHAMBERLAIN V. AMERICAN AIRLINES, 740 P.2D 717 (OKLA. 1987); IN RE GUARDIAN OF CAMPBELL, 450 P.2D 203 (OKLA. 1966).
IN VIEW OF THESE GOVERNING PRINCIPLES, IT APPEARS THAT THE LEGISLATURE DID INTEND TO CONFER GENERAL AUTHORITY ON STATE AGENCIES TO CHARTER AIRCRAFT FOR TRAVEL ON A PER TRIP BASIS, 74 O.S. 500.6(A). HOWEVER, THE LEGISLATURE DID NOT INTEND TO CONFER GENERAL AUTHORITY TO CHARTER AIRCRAFT FOR TRAVEL PURPOSES ON A TERM BASIS.
IN THE STATE TRAVEL REIMBURSEMENT ACT, THE LEGISLATURE CRAFTED A DETAILED STATUTORY FRAMEWORK FOR REIMBURSING PUBLIC OFFICIALS FOR TRAVEL-RELATED EXPENSES. TITLE 74 O.S. 500.6 OF THAT ACT SETS FORTH PRECISE LIMITS ON REIMBURSABLE EXPENSES FOR STATE OFFICIALS WHO TRAVEL ON PRIVATELY OWNED OR CHARTERED AIRCRAFT. THAT STATUTE LIMITS REIMBURSABLE EXPENSES TO THOSE THAT WOULD BE PERMITTED "HAD A PRIVATELY OWNED AUTOMOBILE BEEN USED FOR THE TRIP." THE STATUTE CONTEMPLATES THAT CHARTERS OF PRIVATE AIRCRAFT FOR TRAVEL SHALL BE PERMITTED IN A PER TRIP BASIS ONLY. THAT STATUTE CONTAINS ONE STATUTORY EXCEPTION UNDER WHICH THE DEPARTMENT OF COMMERCE MAY, AT THE DISCRETION OF THE DEPARTMENT'S DIRECTOR, CHARTER AN AIRCRAFT. 74 O.S. 500.18. THAT PROVISION EXPLICITLY RECOGNIZES THAT WHEN THE DEPARTMENT OF COMMERCE EXERCISES ITS AUTHORITY TO CHARTER AN AIRCRAFT, THE COST OF SUCH CHARTER IS EXEMPT FROM THE PER TRIP EXPENSE LIMITATIONS OF 74 O.S. 500.6, THAT ARE OTHERWISE MANDATED BY THE STATE TRAVEL REIMBURSEMENT ACT. SEE 74 O.S. 500.18(A). BY AUTHORIZING ONLY ONE STATE AGENCY TO CHARTER AIRCRAFT ON OTHER THAN A PER TRIP BASIS, THE LEGISLATURE IMPLICITLY DECLINED TO CONFER SUCH BLANKET AUTHORITY ON ALL STATE AGENCIES.
THE STATE TRAVEL REIMBURSEMENT ACT WAS ENACTED IN 1972. THE SECTION OF THE CENTRAL PURCHASING ACT PROVIDING THAT STATE AGENCIES SHALL LEASE, CHARTER OR CONTRACT FOR THE USE OF AIRCRAFT PURSUANT TO THE PROVISIONS OF THE CENTRAL PURCHASING ACT, 74 O.S. 85.12(B) WAS ENACTED IN 1985. KEEPING IN MIND THE NEED TO HARMONIZE THESE TWO STATUTES, IT APPEARS THE LEGISLATURE DID NOT INTEND THROUGH THIS 1985 AMENDMENT TO THE CENTRAL PURCHASING ACT TO AUTHORIZE ALL STATE AGENCIES TO ENTER INTO TERM CHARTERS FOR TRAVEL. RATHER, IT APPEARS THE LEGISLATURE INTENDED TO REQUIRE AGENCIES WISHING TO CHARTER AIRCRAFT FOR NON-TRAVEL PURPOSES (E.G., TRANSPORTATION OF INMATES), OR TO ENTER INTO TERM CHARTERS FOR TRAVEL PURPOSES PURSUANT TO SPECIFIC STATUTORY AUTHORITY, TO ARRANGE FOR SUCH CHARTERS THROUGH THE OPERATION OF THE CENTRAL PURCHASING ACT. IF THE LEGISLATURE HAD INTENDED TO CREATE A BROAD EXEMPTION TO THE PER TRIP EXPENSE LIMITATIONS OF 74 O.S. 500.6, THE LEGISLATURE PRESUMABLY WOULD HAVE ENACTED A STATUTE CONTAINING UNAMBIGUOUS, SPECIFIC LANGUAGE CREATING SUCH AN EXEMPTION, AS IT DID WHEN IT CREATED AN EXCEPTION FOR THE DEPARTMENT OF COMMERCE.
IN VIEW OF THE FOREGOING, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT STATE AGENCIES DO NOT, BY VIRTUE OF 74 O.S. 85.12(B), HAVE GENERAL AUTHORITY TO ENTER INTO TERM CHARTERS FOR TRAVEL PURPOSES. THIS OPINION IS AN INFORMAL OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DOES NOT REPRESENT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
(ROBERT A. BUTKIN)